# THE STEAM BOAT ARCHER *vs.* WM. & EMANUEL GOLDSTEIN.

Upon a proceeding under the act "concerning boats and vessels," no process can issue against a boat until a bond is filed.

## ERROR TO JACKSON CIRCUIT COURT.

### STATEMENT OF THE CASE.

This was a complaint under the statute against the steamboat Archer, for the mal-performance of a contract of affreightment, in consequence of which, the plaintiffs goods shipped on her, from St. Louis to Wayne city, in Jackson county, were damaged by water through the negligence of the boat.

No bond for the prosecution of the suit was filed at first, pursuant to the act of 1847. But after the boat was seized, and before the return of the writ, the owners bonded here, and at the return term, a *motion to dismiss*, for want of a bond, was overruled upon the plaintiffs then filing a proper and sufficient bond.

Judgment was afterwards given by default for want of a plea, an inquisition of damages had, and a final judgment rendered against the principal and sureties in the bond.

The questions in the record relates to the sufficiency of the complaint and the propriety of allowing the plaintiffs to supply the want of a bond at the commencement of the suit by filing one "*nunc pro tunc.*"

Hovey, for plaintiff, insists:

1. That the writ was issued without authority of law, and that all acts done under such writ were a mere trespass. See acts of 1847, p. 11, 12, Bacon's Abridgment, title "Statute," letter J; Peter's Rep. vol. 2, p. 662; Cond. Rep. vol. 1, p. 337 & 421; 3 Howard's Rep. p. 556.

2. That the court below ought not to have permitted the plaintiffs below to file their bond "nunc pro tunc," but should have dismissed the suit on motion. See Stephenson & Hord vs. Robbins, 5 Mo. Rep. p. 18.

3. That the court below erred in rendering judgment by default against the boat, after boat had been released by the bond. See Rev. Statutes, p. 185, sec. 21.

4. That the charges in the complaint are neither against the boat nor the owner, and the complaint does not allege any contract on the part of the boat, her officers, agents or owners, to convey or deliver the goods. See stat. "boats and vessels," sec. 1, page 4.

5. That this court will do what the court below ought to have done, dismiss the suit.

Leonard for defendant insists:

1. The complaint is sufficient. It describes the plaintiff's demand "in all its particulars, and on whose account it accrued." Rev. Statutes, 1845, p. 182, sec. 4.

2. It was competent for the circuit court to allow a bond for the due prosecution of the suit, to be filed "nunc pro tunc," and when filed it supplied the original defect in the proceeding. The proceeding was *irregular* for want of a bond not *void*. The circuit court is authorised by the statute to amend any process, pleading or proceeding in any civil action, either in form or substance, for the furtherance of justice, on such terms as may be just, at any time before final judgment. This amendment was for the furtherance of justice. It promoted a speedy administration of the law, benefitted both parties, and did no injury to either. It saved the plaintiff the expense and delay of a new suit, and furnished the defendant security for any wrong that had been already done him. Wigfall vs. Byne, 1 Richardson's Rep. 412; Camberford vs. Hall, 3 M'Cords. Rep. 345.

3. Admitting, however, that a bond cannot be filed "nunc pro tunc," so as to supply the original defect, and that the seizure must be annulled and the property restored, unless the bond is "first filed," it does not follow that the suit which, by the voluntary act of the parties, has become a proceeding "*in personam*," will be dismissed. One object of the seizure is to bring before the court the persons personally responsible, and when this is effected, the warrant is so far *punctus officio;* the boat is released, and the suit proceeds against those who have voluntarily become parties to it. Callender vs. Duncan, 2 Bailey (S. C.) R. 454; Young vs. Gray, Harper's Rep. 40; Rev. Stat. 1845, p. 182, secs. 9, 21. This court decided in Hord & Stephenson vs. Robbins, that a bond could not be given "*nunc pro tunc*," so as to preserve the lien of the attachment, but has never decided that if there be no bond the suit shall be dismissed. . In Whiting & William vs. Budd, 5 Mo. Rep. 444, and in King vs. Evans, 7 Mo. Rep. 411, it was decided that an appearance to move the court to quash the attachment, is an appearance to the suit; and the parties must plead or submit to a judgment by default. Here the defendants, by giving the bond, became defendants to the suit, by the express provisions of the statute.

Ryland, Judge, delivered the opinion of the court.

The statement of facts presents to this court two points for our adju-

dication : First. The sufficiency of the plaintiff's complaint filed in the court below against the boat : Secondly. The act of the court below in permitting the plaintiffs to file their bond to prosecute the suit, after the boat had been seized, "*nunc pro tunc.*"

The plaintiff in error abandons the first ground, and we shall, therefore, say nothing on that.

The second point is one of more importance. By the act supplementary to an "act concerning boats and vessels," passed at the session of the General Assembly of 1846 and '47, it is declared, sec. 1 :- "In all cases of attachment against a boat or vessel, under an act concerning boats and vessels, approved March the twenty-sixth, eighteen hundred and forty-five, the plaintiff, or some person for him, shall first execute a bond in conformity to an act to provide for the recovery of debts by attachment, approved March the fourteenth, eighteen hundred and forty-five, the condition of which shall be, that he will prosecute his suit with effect, or pay all damages that may accrue to the boat or vessel, or the owners and officers thereof, by reason of said attachment, or any process or proceeding in said suit."

By this statute it will be seen that the bond of the "plaintiff, or some person for him," shall be first executed in conformity to the statute, providing for the recovery of debts by attachment.

This court in the case of Stephenson & Hord vs. Robbins, 5 Mo. 18, decided that under our attachment law, the bond which was required to be filed before the writ could issue, could not be filed at the return term of the writ, "*nunc pro tunc.*" In attachment cases, the filing of the bond by the plaintiff is a necessary and indispensible prerequisite. The statute respecting attachments has always been considered one of *stricti juris.* The statute respecting proceedings against boats and vessels, is of the same nature. We are lead to the conclusion, that as the decisions of this court, concerning attachments, were known to the legislature, (the case of Stevenson & Hord vs. Robbins, having been made some ten years prior to the passage of the above supplementary act, concerning boats and vessels,) that they intended that the construction of the attachment law in regard to the first filing of bond, should be the rule to be applied to this statute concerning boats and vessels, and that the filing of the bond in this case, by the plaintiffs or some person for them, was an indispensible act to be first done before the writ could issue against the boat.

We think the court below therefore erred, in permitting the plaintiffs to file their bond at the return term of the writ, now for then, and consequently erred in overruling the motion to dismiss the suit.

The judgment of the court below is therefore reversed, and this court orders the suit to be dismissed.